Justice BREYER, concurring.
I join the Court's opinion with three observations. First, the statute does not directly explain how to treat an absentee Indian father who had next-to-no involvement with his child in the first few months of her life. That category of fathers *667 may include some who would prove highly unsuitable parents, some who would be suitable, and a range of others in between. Most of those who fall within that category seem to fall outside the scope of the language of 25 U.S.C. §§ 1912(d) and (f). Thus, while I agree that the better reading of the statute is, as the majority concludes, to exclude most of those fathers, ante, at 2569, 2571, I also understand the risk that, from a policy perspective, the Court's interpretation could prove to exclude too many. See post, at 2578, 2583 - 2584 (SOTOMAYOR, J., dissenting).
Second, we should decide here no more than is necessary. Thus, this case does not involve a father with visitation rights or a father who has paid "all of his child support obligations." See post, at 2578. Neither does it involve special circumstances such as a father who was deceived about the existence of the child or a father who was prevented from supporting his child. See post, at 2578 - 2579 n. 8. The Court need not, and in my view does not, now decide whether or how §§ 1912(d) and (f) apply where those circumstances are present.
Third, other statutory provisions not now before us may nonetheless prove relevant in cases of this kind. Section 1915(a) grants an adoptive "preference" to "(1) a member of the child's extended family; (2) other members of the Indian child's tribe; or (3) other Indian families.... in the absence of good cause to the contrary." Further, § 1915(c) allows the "Indian child's tribe" to "establish a different order of preference by resolution." Could these provisions allow an absentee father to reenter the special statutory order of preference with support from the tribe, and subject to a court's consideration of "good cause?" I raise, but do not here try to answer, the question.